UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

TERRALE YARBROUGH

Plaintiff,

v.

POTLACH NO. 1 FINANCIAL CREDIT UNION,

Defendants.

Case No. 3:26-cv-00422-DCN

**MEMORANDUM DECISION AND ORDER**

## I. INTRODUCTION

Under 28 U.S.C. § 1915, the Court must review Plaintiff Terrale Yarbrough's request to determine whether he is entitled to proceed in forma pauperis—which permits civil litigants to proceed without prepayment of the filing fee or to pay the filing fee over time. *Rice v. City of Boise City*, 2013 WL 6385657, at *1 (D. Idaho. Dec. 6, 2013). The Court must also undertake an initial review of Yarbrough's Complaint to ensure it meets the minimum required standards. *See* 28 U.S.C. § 1915(e)(2).

For the reasons explained below, Yarbrough's Application for Leave to Proceed in Forma Pauperis is DENIED as MOOT. Yarbrough's Complaint is DISMISSED without leave to amend.

## II. BACKGROUND

Yarbrough has filed a Complaint seeking $1,000,000 in damages from Potlach No. 1 Financial Credit Union. Dkt. 1. Yarbrough seeks these damages under Article 1 Section 10 of the United States Constitution. *Id.*

Yarbrough has also filed application to proceed in forma pauperis. Dkt. 3.

## III. LEGAL STANDARD

### A. Application to Proceed In Forma Pauperis

"[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, . . . without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). To qualify for in forma pauperis status, a plaintiff must submit an affidavit that includes a statement of all assets she possesses and indicates that she is unable to pay the fee required. The affidavit is sufficient if it states that the plaintiff, because of her poverty, cannot "pay or give security for the costs" and still be able to provide for herself and dependents "with necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation modified) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)).

### B. Sufficiency of Complaint

The Court is required to screen complaints that are brought by litigants who seek in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners"). The Court must dismiss a plaintiff's complaint, or any portion thereof, if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii). To state a claim upon which relief can be

granted, a plaintiff's complaint must include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007)). The plaintiff cannot simply recite the elements of a cause of action and try to support that recitation with mere conclusory statements. *Id.* at 678.

During this initial review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443,447 (9th Cir. 2000). Even so, plaintiffs—whether represented or not—have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Additionally, if amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

## IV. DISCUSSION

### A. Application to Proceed In Forma Pauperis

The Court has examined Yarbrough's application to proceed in forma pauperis and finds it does not establish his indigence. Yarbrough lists his monthly income as $1250 and identifies no quantifiable expenses, stating only that "[a]ll extra money after bills goes straight to paying off 1,000,000 security agreement lien." Dkt. 3. The Court has no further information regarding this purported lien, including the identity of the payee, the nature of the obligation, or the amount of any monthly payment. Accordingly, the Court determines Yarbrough has not demonstrated indigency and cannot proceed without pre-payment of the filing fee. The Application to Proceed In Forma Pauperis is DENIED.

**B. Sufficiency of Complaint**

Yarbrough's Complaint cannot survive the low bar of the initial analysis under the first two prongs of 28 U.S.C. § 1915(e)(2): (1) the Complaint is frivolous or malicious; and (2) the Complaint fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i-ii).

With respect to the first prong, Yarbrough's claim is frivolous. It is difficult to understand, with any sound reasoning whatsoever, what the Complaint is alleging. Yarbrough's Complaint appears to allege that this is a contract dispute between him and Potlach No. 1 Financial Credit Union, and he seeks relief under Article 1 Section 10 of the United States Constitution. Yarbrough does not plead any facts in his complaint to show why Article 1 Section 10 applies to his claims or supports a cause of action against Potlach No. 1 Financial Credit Union. Yarbrough's allegations in their entirety are as follows:

> I SENT THE NOTICE OF UNPAID LIEN TO THE COMPANY (WHICH I WILL ATTACH TO THIS CASE), LETTING THEM KNOW ABOUT THE FIRST OBLIGATION TRUST LIEN THAT I NEEDED TO GET TAKEN CARE (WHICH HAD NOTHING TO DO WITH THEM). THEY COMPLETELY IGNORED THE NOTICE AND CONTINUED TO REPORT ACCOUNT ON CREDIT WHICH NOW PUTS THEM AT FAULT FOR THE TRUST LIEN SECURITY AGREEMENT PAY OFF FOR DELAYING AND IGNORING THE FIRST OBLIGATION PAY OFF.

Dkt. 1. With respect to relief, Yarbrough seeks "$1,000,000 AMOUNT OWED FOR TRUST SECURITY AGREEMENT VIOLATION." *Id.* But the Complaint does not identify the nature or terms of the alleged trust security agreement, explain how Potlach No. 1 Financial Credit Union violated it, or allege facts connecting the purported violation

to the requested $1,000,000 award. Yarbrough therefore has not plainly stated a viable claim against Potlach No. 1 Financial Credit Union.

This is not the first time that Yarbrough has brought a frivolous claim of this nature. Yarbrough brought an identical claim in *Yarbrough v. Midland Credit Management*, 2026 WL 2343447 (E.D. Mich. Aug. 12, 2026). In *Midland Credit Management*, Yarbrough used identical language for his statement of a claim as well as the relief sought., There the district court in Michigan held Yarbrough's allegations are "conclusory and the precise kind of 'unadorned, the defendant-unlawfully-harmed me accusation[s]' that the Supreme Court has repeatedly identified as insufficient to state a viable claim." *Id.* (quoting *Iqbal*, 556 U.S. at 678). The Court agrees with the opinion of the Michigan court.

In short, the Complaint does not provide Potlach No. 1 Financial Credit Union with fair notice of the claim asserted against it, the factual basis for that claim, or why it should be liable to Yarbrough for $1,000,000 in damages. Because Yarbrough's claims are frivolous, the Court finds the deficiencies of the Complaint are incurable. Accordingly, the Complaint must be DISMISSED without leave to amend.

## V. CONCLUSION

Yarbrough's application to proceed in forma pauperis does not establish his indigency and is DENIED. The Complaint is DISMISSED with PREJUDICE without leave to amend. Yarbrough's Complaint is incurably insufficient, and this case must be closed.

///

///

## VI. ORDER

Therefore, the Court **HEREBY ORDERS**:

1. Yarbrough's Application for Leave to Proceed in Forma Pauperis (Dkt. 3) is DENIED.
2. After an initial review of the Complaint, the Court will not allow Yarbrough to proceed with his claims against Potlatch No. 1 Financial Credit Union. Yarbrough's Complaint is DISMISSED with PREJUDICE and without leave to amend.
3. The case is CLOSED.

DATED: September 30, 2026

David C. Nye
U.S. District Court Judge